DREW, Chief Justice
(dissenting).
In Lambert v. Higgins, Fla., 1953, 63 So.2d 631, 632, in discussing the question of examining prospective jurors in connection with any possible interest in an insurance company and the responsibilities of the trial judge in connection with such examination, we said:
“There is a very delicate balance to be maintained in cases of this kind to protect both the interest of the plaintiff and defendant. Ordinarily, the trial Judge is in the best position to do-this and, unless there is a clear abuse of his authority shown, we are not inclined to interfere with the result of the trial on this ground.”
The events which transpired at the trial of this cause related in the main opinion» •fall far short of convincing me that the-Chancellor below abused the discretion- we said he had in the manner in which he acted. Not only do I fail to see an abuse of discretion of a sufficient gravity to constitute reversible error but even if it be conceded that the lower court'erred in what it did, I think the .record clearly establishes that the error was harmless. To mention insurance in an automobile accident case obviously does not have the same effect on jurors in 1955 as it did in 1915. I think the judgment should be affirmed. .